IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE CLASSEN                    :        CIVIL ACTION
                                :
     v.                         :
                                :
MICHAEL NUTTER, et al.          :        NO. 15-4078

MEMORANDUM

Bartle, J.                                         April 28, 2017

Plaintiff Jose Classen, a former inmate in the Philadelphia prison system, has sued defendants the City of Philadelphia, Aramark Corporation,[1] Corizon Health, and several Philadelphia prison officials.[2] Before the court is the motion of defendant Aramark to dismiss two claims against it in the amended complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil

---

1. The amended complaint identifies Aramark as "Aramark Corporation." However in its motion Aramark states that it is correctly identified as "Aramark Correctional Services, LLC."

2. The prison officials named in the amended complaint are former Chief Commissioner of the Philadelphia Prison System Louis Giorla, temporary acting Prison Commissioner Michael R. Resnick, Chief Prison Commissioner Blanche Carney, and Deputy Commissioner of Operations Karen Bryant. Classen's original complaint also named former Philadelphia Mayor Michael Nutter, Warden Michelle Farrell, Warden Major Edward Miranda, Warden John P. Delaney, and Warden Frederick Abello. Nutter was not named in the amended complaint. Prior to the filing of this motion, the parties stipulated to the withdrawal of all claims in the amended complaint against Farrell, Miranda, Delaney, and Abello.

Procedure. Count One alleges civil rights violations under 42 U.S.C. § 1983 and Count Six alleges state law negligence.[3]

I.

When deciding a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

---

3. In Count One, Classen alleges:

> The actions of all Defendants deprived Plaintiff of the equal protection of the laws and the rights guaranteed by the Constitution, in particular the Fifth and Fourteenth Amendments thereof, in violation of 42 U.S.C. § 1983: his right to be secure in his person and property; his right to be free from cruel and unusual punishment; his right to adequate medical treatment in prison; and his right to due process of law, all to his great detriment and loss.

In his responsive brief in opposition to Aramark's motion to dismiss, Classen agreed to the dismissal of his claims in Count One against Aramark based on the Fifth and Fourteenth Amendments to the United States Constitution. In this brief, he also agreed to the dismissal without prejudice of his claims against Aramark for negligent infliction of emotional distress (Count Two), intentional infliction of emotional distress (Count Three), declaratory relief (Count Four), and injunctive relief (Count Five).

Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim must do more than raise a "mere possibility of misconduct."  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

On a motion to dismiss, the court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

II.

The following facts are undisputed or viewed in the light most favorable to Classen, the nonmoving party.  Classen was incarcerated at Curran-Fromhold Correctional Facility ("CFCF") from December 2014 until August 2015.  From August 2015 until June 2016, he was an inmate at Philadelphia House of Correction ("PHOC").  He was then housed at Philadelphia Industrial Correctional Center ("PICC") from June 2016 until his release in October 2016.

Aramark, a private corporation headquartered in Philadelphia, provides food preparation services to all three

correctional facilities.[4]  According to Classen, all meals are prepared by Aramark at CFCF and then distributed at CFCF, PHOC, and PICC for consumption.  At CFCF and PICC, meals are brought to inmates to eat in their cell blocks.  At PHOC, inmates leave their cell blocks to eat in the community "mess hall."  Classen purportedly often observed mice running around on the ground during meal time at PHOC and once stepped on a mouse while eating.

In February or March of 2016, while in PHOC, Classen found a screw in his Aramark-prepared lunch meal.  He reported this to a female corrections officer working in the mess hall at the time.  She told him she would photograph the meal but Classen does not believe that she did so.  He was told to take another Aramark-prepared meal to eat.  He declined to do so and instead ate a sealed sandwich pack.

On April 27, 2016 at lunch time while in PHOC, Classen ate a prepared meal of Spanish rice.  He soon realized the meal contained mouse feces, and he immediately became nauseous and vomited.  Classen reported the incident to a male corrections officer who was working in the mess hall at the time.  The officer told Classen that he would photograph the meal but again

---

4.  The amended complaint does not describe the nature of the relationship between the correctional facilities other than describing Aramark as a "foodservice provider to clients including correctional facilities[.]"

-4-

Classen does not think that he did so. Classen declined to replace his meal with another prepared meal and instead ate a sealed sandwich pack. He continued to vomit for much of the day and had diarrhea for the next three days. This resulted in a "Sick Call" to the prison infirmary on April 30, 2016. Following these two incidents, Classen refused to eat prepared meals that contained rice, beans, or sauce because he feared mouse feces contamination. He states that he and other inmates prefer to eat food from the Commissary because it is not prepared by Aramark.

According to Classen, mice and cockroaches run across clean utensils, pans, trays, and serving stations and inmates working in the kitchen are instructed by Aramark staff to serve food using these items. He asserts that a "policy, custom and tradition exists within the prison system whereby Defendants knowingly allow unsanitary food preparation to exist."

### III.

Aramark first seeks dismissal of Classen's claims against it on the ground that Classen, a former inmate housed in a correctional facility, has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires an inmate to exhaust all available administrative remedies prior to bringing a civil rights lawsuit under § 1983 alleging specific

acts of unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 531 (2002).

Aramark argues that the amended complaint lacks facts that support that Classen has exhausted his administrative remedies. Additionally Aramark notes that Classen has not attached to his amended complaint any decision demonstrating the final administrative disposition of his claims. Classen counters in his responsive brief that he has exhausted his administrative remedies and should be afforded the opportunity to conduct discovery to establish this fact.

The Supreme Court has stated that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). "While the failure to exhaust administrative remedies may form a basis for a dismissal for failure to state a claim, dismissal on that ground is appropriate only in those circumstances where the complaint reveals the exhaustion defense on its face." Thomas v. Brinich, 579 F.App'x 60, 62 (3d Cir. 2014). Failure to exhaust is an affirmative defense that may only be considered on a motion to dismiss "where the defect appears on the face of the pleading." Flight Sys., Inc., v. Elec. Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997).

The amended complaint on its face does not state that Classen has not exhausted his administrative remedies. It

alleges that he submitted multiple grievance forms to prison officials and that as a result of the April incident of ingesting mouse feces, he visited the prison infirmary on April 30, 2016. He attaches some records of his administrative grievances to the amended complaint, though notably none of the records references Aramark, food, or a prison infirmary visit related to food. Because the failure to exhaust his administrative remedies is not apparent on the face of Classen's pleading, we reject Aramark's argument of failure to exhaust as a basis to dismiss Classen's federal claim against it under Rule 12(b)(6). See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).

IV.

Aramark next contends that Classen has failed to state a claim under 42 U.S.C. § 1983. Section 1983 provides a remedy for violations of constitutional or other federally-established rights. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege that he or she has been subjected to a deprivation of a constitutional or federally-established right and that the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); Phillips, 515 F.3d at 235 (citing Kneipp, 95 F.3d at 1204). Moreover, a plaintiff must allege the defendant's "personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Classen's claim against Aramark rests on the Eighth Amendment to the United States Constitution,[5] which prohibits punishments that "involve the unnecessary and wanton infliction of pain" or are "grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (internal citations omitted). Prison conditions may violate the Eighth Amendment's prohibition against cruel and unusual punishments if "they cause 'unquestioned and serious deprivations of basic human needs . . . [that] deprive inmates of the minimal civilized measures of life's necessities.'" Tillman v. Lebanon Cty. Correctional Facility, 221 F.3d 410, 417-18 (3d Cir. 2000)

---

5. The Eighth Amendment to the Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The prohibition against cruel and unusual punishments applies to the states through the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660, 666 (1962).

(quoting Rhodes, 452 U.S. at 346) (internal citations omitted). In order to state a claim for relief under the Eighth Amendment, a complaint must allege facts that meet both the objective and subjective requirements of the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To meet the objective component a plaintiff must allege a sufficiently serious deprivation of rights. Id. The subjective component requires an allegation that prison officials acted wantonly and with a sufficiently culpable state of mind. Id.

To allege the objective component, a sufficiently serious deprivation of rights under the Eighth Amendment, the complaint must present facts asserting that prison conditions posed a "substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[O]nly 'extreme deprivations' are sufficient to sufficiently allege claims for conditions of confinement." Riley v. DeCarlo, 532 F.App'x 23, 26 (3d Cir. 2012) (quoting Hudson v. McMillian, 503 U.S. 1, 24 (1992)). "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must 'result in the denial of the minimal civilized measures of life's necessities.'" Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (quoting Farmer, 511 U.S. at 835) (internal citations and quotations omitted).

Only a "substantial deprivation of food" may amount to a violation of the Eighth Amendment. Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983). The Court of Appeals for the Eleventh Circuit has held that "[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985). Likewise, the Court of Appeals for the Fifth Circuit has held that "[a] single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected." Green v. Atkinson, 623 F.3d 278, 281 (5th Cir. 2010). In a similar vein, our Court of Appeals has ruled that the deprivation of a single meal does not rise to the level of a constitutional violation. Lindsey v. O'Connor, 327 F.App'x 319, 321 (3d Cir. 2009) (citing Robles, 725 F.2d at 15). It has subsequently determined that the deprivation of three meals over the course of two days also fails to rise to the level of a constitutional violation. Zanders v. Ferko, 439 F.App'x 158, 160 (3d Cir. 2011) (citing Foster v. Runnels, 554 F.3d 807, 812-13 (9th Cir. 2009)).

The amended complaint does not set forth conditions that deprived Classen of the minimal civilized measure of life's necessities in violation of the Eighth Amendment. See Betts,

621 F.3d at 356. Classen was incarcerated in facilities serviced by Aramark for nearly twenty-three months. His amended complaint presents two incidents over that period of time in which he found foreign objects in meals prepared by Aramark. One of these meals he ingested and became sick and one of these meals he did not ingest. While we do not condone the presence of foreign objects or mouse feces in food even on one occurrence, Classen cites only two incidents in nearly two years and never actually ingested a foreign object and became sick only once. However unfortunate these experiences, they do not rise to the level of constitutional deprivations. See e.g., Hamm, 774 F.2d at 1575.

The amended complaint also alleges that Aramark prepares and serves meals to inmates after insects and rodents run across the kitchen utensils and countertops.[6] The objective component of the Eighth Amendment requires the plaintiff to allege a "substantial risk of serious harm." Farmer, 511 U.S. at 834. Significantly, Classen cites no harm that suffered as a result of these allegations. Moreover, he has not pleaded the existence of a substantial risk of serious harm. Thus these general allegations, even if true, do not amount to a constitutional deprivation.

---

6. Notably the amended complaint also states that Classen did not see meal preparation take place and he did not see the kitchen in CFCF where meal preparation occurred.

In sum, the amended complaint does not present facts that allege that prison conditions posed a "substantial risk of serious harm." Farmer, 511 U.S. at 834. Classen has not set forth facts that meet the objective requirement of the Eighth Amendment. Wilson, 501 U.S. at 298. Consequetnly, we need not inquire whether he has set forth facts that meet the subjective requirement of the Eighth Amendment. We will dismiss Count One against Aramark alleging civil rights violations under § 1983.

V.

This brings us to Classen's final claim against Aramark for state law negligence. The amended complaint alleges that "[a]s a direct and proximate result of the negligence of Defendants as described above, Plaintiff has endured substantial pain and sufferance and severe emotional distress and injury." It further alleges that "serving Plaintiff with mouse feces laden food . . . and food that contains foreign objects . . . constitutes negligence that caused Plaintiff vomiting, nausea and diarrhea." Aramark contends that Classen's negligence claim fails on the ground that Classen has failed to state a cause of action for negligence.

To state a claim for negligence under Pennsylvania law the plaintiff must set forth facts alleging that the defendant had a duty to conform to certain standards of conduct, the defendant breached that duty, and the breach caused injury to

the plaintiff.  See Restatement (Second) of Torts § 282; Macina v. McAdams, 421 A.2d 432, 434 (Pa. Super. Ct. 1980).  Contrary to Aramark's assertion, the amended complaint sets forth facts that state a claim for negligence.  Accordingly, we will deny the motion of Aramark to dismiss Count Six against it alleging state law negligence.